**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 06-45-C**

**HALLIBURTON COMPANY, ET AL.,**                                    **PLAINTIFFS,**

**V.**                               **MEMORANDUM OPINION AND ORDER**

**STEPHEN WARD,**                                              **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on the defendant's exception to the plaintiffs'

bill of costs and his alternative motion for review of the plaintiffs' bill of costs

(DE 25).  The court, having reviewed the record and being otherwise advised, will

grant the motion in part and deny the motion in part.

The plaintiffs submitted a bill of costs for $755:  $460 for service of

summons and subpoena; and $315 for Fees of the Clerk, including both a $250

filing fee and a $65 pro-hac-vice fee.  *See* DE 24.  The defendant objects to each

of these fees.  Under Rule 54(d)(1) of the Federal Rules of Civil Procedure,

"[e]xcept when express provision therefore is made either in a statute of the United

States or in these rules, costs other than attorneys' fees shall be allowed as of

course to the prevailing party unless the court otherwise directs . . . ."  The

language of Rule 54(d) "creates a presumption in favor of awarding costs," *Soberay*

*Machine & Equipment Co. v. MRF Ltd.*, 181 F.3d 759, 770 (6th Cir. 1999), but

taxable costs under Rule 54(d)(1) are limited to those costs itemized in 28 U.S.C.

§ 1920, *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)

(stating that § 1920 "defines the term 'costs' as used in Rule 54(d)").

According to 28 U.S.C. § 1920, the court "may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter . . .; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers . . .; (5) Docket fees"; and finally, "(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."  In general, "the awarding of costs is within the sound discretion of the District Court," *United States v. Masonry Contractors Ass'n of Memphis*, 497 F.2d 871, 878 (6th Cir. 1974), but "the discretion that Rule 54(d)(1) gives courts . . . is discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate[,]" *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 360 (6th Cir. 2007) (citing *Crawford Fitting*, 482 U.S. at 441-42 ("The discretion granted by Rule 54(d) . . . is solely a power to decline to tax, as costs, the items enumerated in § 1920")).

**I.     The Filing Fee of $250**

With respect to the filing fee, the defendant concedes that this fee "is ordinarily taxable;" however, the defendant claims that the plaintiffs provided only an unsigned declaration to substantiate this cost, rather than a signed affidavit, as required by 28 U.S.C. § 1924.  In response, the plaintiffs argue that they provided an acceptable electronic signature along with the bill of costs; in the alternative, the

plaintiffs have provided a signed and notarized affidavit along with their response. The court need not and will not reach the electronic-signature issue because it finds that the affidavit submitted with the plaintiffs' response moots the defendant's only objection to the $250 filing fee.

## II.    The Pro-Hac-Vice Fee of $65

The defendant also objects to the $65 pro-hac-vice fee, relying on two cases from other jurisdictions, *Sheffer v. Experian Information Solutions, Inc.*, 290 F. Supp. 2d 538 (E.D. Pa. 2003), and *Kansas Teachers Credit Union v. Mutual Guaranty Corp.*, 982 F. Supp. 1445 (D. Kan. 1997); however, this court notes that contrary to the defendant's reliance on *Kansas Teachers Credit Union*,[1] "pro hac vice costs are recoverable in the District of Kansas." *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 663 (D. Kan. 2005).

Other district courts have adopted varied responses to this issue: some, like the district court in *Aerotech Resources*, have found that pro-hac-vice fees are recoverable as costs under 28 U.S.C. § 1920, but others have found that "[t]he pro hac vice fee is an expense of counsel, not the client, and is thus not recoverable." *Schmitz-Werke GMBH + Co. v. Rockland Indus., Inc.*, 271 F. Supp. 2d 734, 735

---

[1] One of the two cases cited by the defendant is from the only district court which, according to the court's own research, has ever expressly found that pro-hac-vice fees *are* recoverable as costs under 28 U.S.C. § 1920.  In *Kansas Teachers Credit Union*, upon which the defendant partially relies, the district court for the District of Kansas exercised its discretion to deny an "unnecessary" $25 pro-hac-vice fee because the defendant already had other counsel; therefore, the court concluded that the pro-hac-vice fee was solely for the convenience of the defendant.  982 F. Supp. at 1448.

(D. Md. 2003) (citing, inter alia, *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997), and *Romero v. United States*, 865 F. Supp. 585, 594 (E.D. Mo. 1994)).   After reviewing the relevant cases from other jurisdictions, this court finds the reasoning of the district court for the Middle District of Alabama in *Eagle Insurance* particularly persuasive.[2]   The District of Kansas is apparently the only district court to find that pro-hac-vice fees are recoverable, whereas every other district court addressing the issue has found that they are not.   *Compare, e.g.*, *Aerotech Res.*, 237 F.R.D. at 663 (holding that pro-hac-vice fees are recoverable in the District of Kansas), *and Davis v. Puritan-Bennett Corp.*, 923 F. Supp. 179, 181 (D. Kan. 1996) (same), *with, e.g.*, *Rockland Indus*. (pro-hac-vice

---

[2]   In *Eagle Insurance*, the district court noted that only subsection (1) of § 1920, which "provides for the taxation of the 'Fees of the clerk' as costs[,]" could support an award of pro-hac-vice fees as costs.  982 F. Supp. at 1458.  The court then reviewed 28 U.S.C. § 1914, which specifies the fees the clerk may charge.  Section 1914(a) requires "[t]he clerk of each district court" to impose "a filing fee of $350" upon the party or parties "instituting any civil action, suit or proceeding . . ., except that on application for a writ of habeas corpus the filing fee shall be $5."  Section 1914(b) provides that "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."  Finally, section 1914(c) provides that "[e]ach district court by rule or standing order may require advance payment of fees."

Reading the two statutes together, the court in *Eagle Insurance* found that "§ 1920 and § 1914 authorize the clerk of the court to collect and tax two types of fees in civil actions other than those for habeas corpus: (1) a $150 filing fee; and (2) any additional fees prescribed by the Judicial Conference of the United States."  982 F. Supp. at 1459.  Because the pro-hac-vice fee is not the same as the filing fee authorized by § 1914, and because pro-hac-vice fees "are a creature of the courts[,]" which are not authorized by any statute and are not included in the schedule of fees authorized by the Judicial Conference, the court in *Eagle Insurance* concluded that pro-hac-vice fees are not recoverable as costs.  *Id.* at 1460 n.2, 1459-60.

fees are not recoverable), *and Romero*, 865 F. Supp. at 594 (same).  Therefore,

adopting the reasoning set forth in *Eagle Insurance* and elsewhere, this court finds

that its "pro-hac-vice fee . . . is not taxable as costs."  *Eagle Insurance*, 982 F.

Supp. at 1459-60.

## III.    The Service-of-Process Fee of $460

The defendant also objects to the plaintiffs' $460 service-of-process fee.  28

U.S.C. § 1920(1) provides for recovery of "[f]ees of the clerk and marshal[,]" and it

is undisputed that the plaintiffs effected service on the defendant through a private

process server rather than the U.S. Marshal's Office.  Citing *Crues v. KFC Corp.*,

768 F.2d 230 (8th Cir. 1985), and *Cofield v. Crumpler*, 179 F.R.D. 510 (E.D. Va.

1998), the defendant argues that fees for private process servers, unlike marshal's

fees, are not recoverable as costs under § 1920.[3]  In addition to the "legal reasons"

---

[3] In *Crues*, the Eighth Circuit held that a party could not "recover $250 for use of a special process server, because 28 U.S.C. § 1920 (1982) contains no provision for such expenses."  768 F.2d at 234 (citing, inter alia, *Zdunek v. Washington Metro. Area Transit Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983)).

In *Cofield*, after reviewing an "exhaustive" survey "of the case law governing taxation of fees for service of subpoenas" for private process servers, the district court for the Eastern District of Virginia found that "private process server fees are not properly recoverable under the general taxation-of-costs statute, 28 U.S.C. § 1920."  179 F.R.D. at 515-16.

In reaching this conclusion, the court in *Cofield* noted that the Ninth Circuit and several district courts across the country "have held that fees for service of subpoenas by a private process server are taxable, because the United States Marshal Service no longer serves summons or subpoenas in most civil cases, under Rule 45 of the Federal Rules of Civil Procedure."  *Id.* at 515 (citing, inter alia, *Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 175, 177-78 (9th Cir. 1990) (per curiam); *Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1545 (S.D. Fla. 1991); *Card v. State Farm Fire & Cas. Co.*, 126 F.R.D. 658, 662 (N.D. Miss. 1989 ); *Roberts v. Homelite Div. of Textron, Inc.*, 117 F.R.D. 637, 641 (N.D. Ind.

set forth in these cases, the defendant offers four case-specific reasons why the court should exercise its discretion to deny the plaintiffs the $460 that they paid the private process server.[4]  In response, the plaintiffs point out that the majority of circuit courts addressing the issue *permit* the taxing of private-process-server fees, citing, among other cases, *United States E.E.O.C. v. W & O, Inc.*, 213 F.3d 600,

---

1987)).  The *Cofield* court also noted that "[t]he Seventh Circuit has taken what appears to be a unique position on this issue" by holding "that private process server fees are taxable costs, pursuant to 28 U.S.C. § 1920, but only to the extent the fees do not exceed the fees charged by the United States Marshal for service of subpoenas, under like circumstances."  179 F.R.D. at 515 (citing *Collins v. Gorman*, 96 F.3d 1057, 1059 (7th Cir. 1996)).

Nevertheless, the *Cofield* court reached its conclusion that private-process-server fees are *not* recoverable after finding that numerous other courts, including the Second and Eighth Circuits, had also taken this position.  179 F.R.D. at 515 (citing *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 172 (2d Cir. 1996); *Crues*, 768 F.2d at 234; *Pion v. Liberty Dairy Co.*, 922 F. Supp. 48, 53 (W.D. Mich.1996); *Zdunek*, 100 F.R.D. at 692).

[4]  First, the defendant claims that the private process server never actually effected service upon him directly; rather, he claims that they served his wife.  Instead of contesting this inadequate service, the defendant further claims that he simply hired a lawyer and timely filed his answer to the plaintiffs' complaint. Second, the defendant claims that $460 is an exorbitantly expensive figure even for effective service of process, particularly given the defendant's willingness to subject himself to this court's jurisdiction.

Third, and relatedly, the defendant claims that his lawyer had been involved in settlement discussions with the plaintiffs for months before he was served, a claim supported by Exhibit A attached to the plaintiffs' own complaint.  Therefore, the defendant suggests that the plaintiffs should have at least considered serving his lawyer, who would have consented to accept on behalf of the defendant.  The plaintiffs have provided no response either to this argument or to the claims that support it.

Fourth, and finally, the defendant suggests that the duty of a defendant "to avoid unnecessary costs of serving the summons" under Federal Rule of Civil Procedure 4(d)(2) should implicitly extend to plaintiffs, at least in the circumstances presented by the matter at hand.

6

624 (11th Cir. 2000).  The plaintiffs also point out that although the Sixth Circuit has never addressed this issue in a published opinion, in *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002), a Sixth Circuit panel "adopt[ed] th[e] persuasive reasoning" of the Seventh Circuit, affirmed a district court's decision to award private-process-server fees, and held "that a district court may tax costs for private process server fees to the extent that these private process server fees do not exceed the United States Marshal's fees."

The weight of authority suggests that private-process-server fees *are* taxable as costs; nevertheless, this court finds persuasive the minority position articulated in *Cofield* and elsewhere, and it is also mindful that this minority position may be more consistent with its conclusion above that pro-hac-vice fees are not recoverable as costs.  In any event, this court need not and will not resolve this difficult issue because even if private-process-server fees may be generally taxed as costs in *some* cases in this court, the court finds that they should not be taxed to the defendant in *this* case.  The plaintiffs filed their complaint on January 26, 2006, along with a letter from defendant's counsel dated January 12, 2006, which is attached to the complaint as Exhibit A.  *See* DE 1.  On May 25, 2006, the plaintiffs served the defendant's wife at the defendant's residence,[5] through the private-process services of Goldstein & Associates – whose motto, according to

---

[5]  According to the receipt provided by the plaintiffs' private process servers, on the date chosen by the plaintiffs for service, the defendant was not with his wife because he was in Iraq.  *See* DE 24-6 at 1.

the plaintiffs' receipt, is "When Tomorrow Is Not An Option." *See* DE 24.  The court need not and will not second-guess the plaintiffs' decision to effect service in this manner; nevertheless, based on the record available, the court will exercise its discretion to deny the plaintiffs these private-process-server fees, to the extent that such fees might be taxable under 28 U.S.C. § 1920.  *Cf. Crawford Fitting*, 482 U.S. at 441-42 (holding that "[t]he discretion granted by Rule 54(d) . . . is solely a power to decline to tax, as costs, the items enumerated in § 1920"); *In re Cardizem CD Antitrust Litigation*, 481 F.3d at 360 (holding that "the discretion that Rule 54(d)(1) gives courts . . . is discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate").  Accordingly,

IT IS ORDERED that the motion for review of the plaintiffs' bill of costs (DE 25) is **GRANTED IN PART** and **DENIED IN PART**.  The plaintiffs may recover their $250 filing fee set forth in the bill of costs (DE 24), but the plaintiffs may not recover their $65 pro-hac-vice fee, nor may they recover their private-process-fees of $460.

Signed on  September 11, 2007

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**

8